# Exhibit A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/12/2026
CT Log Number 551618657

## Service of Process Transmittal Summary

**TO:** Austin Ellis
Mercedes-Benz Usa, LLC
ONE MERCEDES-BENZ DRIVE
SANDY SPRINGS, GA 30328-4312

**RE:** **Process Served in California**

**FOR:** Mercedes-Benz USA, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JACOB HALEM // To: Mercedes-Benz USA, LLC |
| **DOCUMENT(S) SERVED:** | Complaint, Cover Sheet, Attachment(s), Summons, Notice(s) Certificate |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA<br>Case # 26STCV07719 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2022 Mercedes-Benz E53 AMG, VIN: W1KZF6BB0NB078366 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/12/2026 at 13:48 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | David A. Goldsmith<br>Goldsmith West, A Professional Law Corporation<br>609 Deep Valley Drive, Suite 200<br>Rolling Hills Estates, CA 90274<br>310-620-8560 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/13/2026, Expected Purge Date: 03/18/2026<br><br>Image SOP<br><br>Email Notification, Tiffany Moore tiffany.m.moore@mbusa.com<br><br>Email Notification, Abigail Baughman abigail.baughman@mbusa.com<br><br>Email Notification, Austin Ellis austin.ellis@mbusa.com<br><br>Email Notification, Natalie Mellon natalie.mellon@mbusa.com<br><br>Email Notification, Liliana Salinas liliana.salinas@mbusa.com<br><br>Email Notification, Brooks Suttle brooks.suttle@mbusa.com<br><br>Email Notification, Lex Wells awells@bakerdonelson.com<br><br>Email Notification, Brittany Wilson brittany.wilson@mbusa.com |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/12/2026
CT Log Number 551618657

Email Notification, Mary Choi mary.choi@mbusa.com

Email Notification, Tonya Flanigan tflanigan@bakerdonelson.com

Email Notification, Waverley Eubanks waverley.eubanks@mbusa.com

**REGISTERED AGENT CONTACT:**

C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
8775647529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Mar 12, 2026
**Server Name:** Jimmy Lizama

| | |
|---|---|
| Entity Served | MERCEDES-BENZ USA, LLC |
| Case Number | 26STCV07719 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |

GOLDSMITH WEST
A Professional Law Corporation
David A. Goldsmith, SBN 232457
Isaac S. Agyeman, SBN 294833
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, CA 90274
Telephone: 310.620.8560
*firm@goldsmithwest.com*

Counsel for Plaintiff Jacob Halem

**Electronically FILED by Superior Court of California, County of Los Angeles 3/10/2026 4:04 PM David W. Slayton, Executive Officer/Clerk of Court, By Y. Ayala, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

JACOB HALEM,

Plaintiff,

v.

MERCEDES-BENZ USA, LLC; and DOES 1 through 50, inclusive,

Defendants.

Case No. 26STCV07719

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF;**

**DEMAND FOR ELECTRONIC SERVICE;**

**DEMAND FOR JURY TRIAL**

**INVITATION TO INSPECT OR REPURCHASE VEHICLE**

\

Plaintiff alleges as follows:

**PARTIES**

1. As used in this Complaint, the word "Plaintiff" shall mean Plaintiff JACOB HALEM.

2. As used in this Complaint, the words "Defendant," and/or "Manufacturer/Distributor" when used without reference to a specific named Defendant shall mean MERCEDES-BENZ USA, LLC.

3. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 50. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 50, Plaintiff will amend this Complaint to state their true names and capacities.

## AMOUNT IN CONTROVERSY

4. The amount in controversy is greater than $35,000.00.

## VENUE

5. Venue is proper in this Court pursuant to subdivision (a) of Code of Civil Procedure section 395 because one or more of the Defendants contracted to perform an obligation in the county where this Court is located. C.C.P. § 395(a) ("[I]f a defendant has contracted to perform an obligation in a particular county, the superior court in the county where the obligation is to be performed…is a proper court for the trial of an action founded on that obligation..."). The venue provisions contained in subdivision (b) of section 395 and in the Automobile Sales Finance Act do not apply to this action pursuant to *Tidrick v. FCA US LLC* (2025) 112 Cal.App.5th 1147.

6. Plaintiff obtained repairs to the vehicle in this County.

7. The vehicle was garaged in this County.

8. Plaintiff was a resident of this County at the time of the purchase and/or other relevant times during this case.

## COMMON ALLEGATIONS

9. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 50. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 50, Plaintiff will amend this Complaint to state their true names and capacities.

10. Plaintiff purchased and/or leased a 2022 Mercedes-Benz E53 AMG, Vehicle Identification Number W1KZF6BB0NB078366 (hereafter "Vehicle"), which was manufactured, distributed, or sold, and warranted by Defendants. The Vehicle was purchased, leased and/or used primarily for personal, family, or household purposes, or qualifies as a new motor vehicle under subdivision (e)(2) of Civil Code section 1793.22. Plaintiff purchased or leased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, leasing and/or selling consumer goods at retail.

11. Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT

CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

12. Plaintiff's agreement to lease the Vehicle is subject to the provisions of Civil Code § 2986.10, which provides that "[a]n assignee of the lessor's rights is subject to all equities and defenses of the lessee against the lessor, notwithstanding an agreement to the contrary…" Defendants DOES 10 through 19 are or, at one time, were assignees of the lease and are thus subject to all equities and defenses which Plaintiff could assert against the lessor.

13. Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Manufacturer's representative and the Vehicle would be repaired.

14. During the warranty period, the Vehicle contained or developed various defects, including but not limited to faulty fuel pump, fuel system issues, emissions issues, infotainment system freezing, glitching, going blank or not operating properly, harsh, jerky or uneven shift, hesitation, banging into gear, yellow drive assist malfunction warning, illumination of the check engine light, trunk lid not opening properly, and knocking sounds from door, among other defects and nonconformities.

15. Pursuant to Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Manufacturer.

16. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

17. Plaintiff seeks a civil penalty under Civil Code Section 1794, subdivision (e).

**FIRST CAUSE OF ACTION**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**CIVIL CODE § 1794**

**AGAINST DEFENDANT MANUFACTURER/DISTRIBUTOR AND DOES 1 THROUGH 50**

18. Plaintiff incorporates by reference all of the allegations above.

19. Pursuant to Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Manufacturer.

20. The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

21. During the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

22. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase or lease price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

23. Plaintiff has been damaged by Defendant's failure to comply with their obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code Section 1794.

**SECOND CAUSE OF ACTION**

**BREACH OF THE IMPLIED WARRANTY OF FITNESS**

**CIVIL CODE § 1794**

**AGAINST DEFENDANT MANUFACTURER/DISTRIBUTOR AND DOES 1 THROUGH 50**

24. Plaintiff incorporates by reference all of the allegations above.

25. Defendant is a manufacturer, distributor, and/or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on its skill or judgment to select or furnish suitable goods.

26. Pursuant to Civil Code § 1792.1, the sale of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

27. During the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle is not fit for Plaintiff's particular purpose.

28. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code Section 1794.

**THIRD CAUSE OF ACTION**

**SALE OF DEFECTIVE MERCHANDISE WITHOUT DISCLOSING DEFECTS**

**BUSINESS & PROFESSIONS CODE, § 17531; § 17535**

**AGAINST DEFENDANT MANUFACTURER/DISTRIBUTOR AND DOES 1 THROUGH 50**

29. On or about the date of sale or lease of the Vehicle to Plaintiff, or prior thereto, Defendant advertised, called attention to, or gave publicity to the sale of merchandise, which merchandise was defective in any manner, without conspicuously displaying directly in connection with the name and description of that merchandise and each article, unit, or part thereof, a direct and unequivocal statement, phrase, or word which clearly indicated that the merchandise or each article, unit, or part thereof so advertised was defective, in violation of Business & Professions Code section 17531.

30. The representations were made in a newspaper, magazine, circular, form letter or in an open publication, published, distributed, or circulated in this state, including over the Internet, or on any billboard, card, label, or other advertising medium, or by means of another advertising device.

31. Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's violation of Business & Professions Code section 17531. Pursuant to Business & Professions Code section 17535, the Court may enjoin Defendant from engaging in any future violations of section 17531, and may make such orders or judgments, including the appointment of a receiver, as may be necessary to restore to Plaintiff any money or property, real or personal, which may have been acquired by means of the violation of Business & Professions Code section 17531.

**FOURTH CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY**

**CIVIL CODE § 1794**

**AGAINST DEFENDANT MANUFACTURER/DISTRIBUTOR AND DOES 1 THROUGH 50**

32. Plaintiff incorporates by reference all of the allegations above.

33. In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to its representative in this state to perform warranty repairs. Plaintiff may continue to do so even after this lawsuit is filed. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

34. In addition, Defendant provided a warranty by virtue of a sample or model. However, the Vehicle did not conform to the sample or model that Defendant provided.

35. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to Civil Code § 1794.

36. Defendant's failure to comply with its obligations under the express warranty was willful, in that Defendant and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c).

37. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROMPTLY REPURCHASE PRODUCT**

**CIVIL CODE § 1793.2(D)**

**AGAINST DEFENDANT MANUFACTURER/DISTRIBUTOR AND DOES 1 THROUGH 50**

38. Plaintiff incorporates by reference all of the allegations above.

39. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2), and will continue to fail to promptly do so even after this lawsuit is filed.

40. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to § 1794.

41. Civil Code § 1793.2(d) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 20 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

42. Defendants DOES 30 to 50 are persons who aided, abetted, and/or ratified the violations of Civil Code § 1793.2(d) alleged in this cause of action.

43. Defendant's failure to comply with its obligations under § 1793.2(d) was willful, in that Manufacturer and its representatives were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts,

yet Defendants failed and refused to promptly replace the Vehicle or provide a refund despite Plaintiff's demand.

44. Manufacturer does not maintain a qualified third-party dispute resolution process which substantially complies with § 1793.22. Despite Defendant's violation of § 1793.2(d) and its notice thereof, Defendants failed to comply with its obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e).

**SIXTH CAUSE OF ACTION**

**FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO COMPLETE THEM WITHIN 30 DAYS**

**CIVIL CODE § 1794**

**AGAINST DEFENDANT MANUFACTURER/DISTRIBUTOR AND DOES 1 THROUGH 50**

45. Plaintiff incorporates by reference all of the allegations above.

46. Although Plaintiff delivered the Vehicle to Defendants' representative in this state and may continue to do so even after this lawsuit is filed, Defendants and their representatives failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

47. Plaintiff has been damaged by Defendants' failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

48. Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 10 through 19 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

49. Plaintiff's agreement to lease the Vehicle is subject to the provisions of Civil Code § 2986.10, which provides that "[a]n assignee of the lessor's rights is subject to all equities and defenses of the lessee against the lessor, notwithstanding an agreement to the contrary…" Defendants DOES 10 through 19 are or, at one time, were assignees of the lease and are thus subject to all equities and defenses which Plaintiff could assert against the lessor.

50. Defendant's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendants and their representatives were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

**SEVENTH CAUSE OF ACTION**

**FAILURE TO COMPLETE REPAIRS WITHIN 30 DAYS**

**CIVIL CODE § 1793.2(b)**

**AGAINST DEFENDANT MANUFACTURER/DISTRIBUTOR AND DOES 1 THROUGH 50**

51. Plaintiff incorporates by reference all of the allegations above.

52. Although Plaintiff delivered the Vehicle to Defendant Warrantor's representative in this state and may continue to do so even after this lawsuit is filed, Defendant Warrantor and its representative failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

53. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to § 1793.2(b).

54. Civil Code § 1793.2(b) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

55. Defendant Warrantor's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant Warrantor and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

## EIGHTH CAUSE OF ACTION

## FAILURE TO MAINTAIN SUFFICIENT SERVICE AND REPAIR FACILITIES

## CIVIL CODE § 1793.2(a)

## AGAINST DEFENDANT MANUFACTURER/DISTRIBUTOR AND DOES 1 THROUGH 50

56. Plaintiff incorporates by reference all of the allegations above.

57. Defendant Warrantor has failed to maintain in this state sufficient service and repair facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranties or to designate and authorize in this state as service and repair facilities independent repair or service facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranty as required by Civil Code § 1793.2(a).

58. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to § 1793.2(a).

59. Civil Code § 1793.2(a) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

60. Defendant Warrantor's failure to comply with its obligations under § 1793.2(a) was willful, in that Defendant was aware that it was obligated to maintain in this state sufficient service and repair facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranties or to designate and authorize in this state as service and repair facilities independent repair or service facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranty, yet it failed to do so.

**NINTH CAUSE OF ACTION**

**FAILURE TO MAKE SERVICE LITERATURE AND PARTS AVAILABLE**

**CIVIL CODE § 1793.2(a)**

**AGAINST DEFENDANT MANUFACTURER/DISTRIBUTOR AND DOES 1 THROUGH 50**

61. Plaintiff incorporates by reference the allegations contained in the paragraphs above.

62. Defendant Warrantor has failed to make available to authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period, as required by Civil Code § 1793.2(a)(3).

63. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to § 1793.2(a)(3).

64. Civil Code § 1793.2(a)(3) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

65. Defendant Warrantor's failure to comply with its obligations under § 1793.2(a)(3) was willful, in that Defendant Warrantor was aware that it was obligated to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period, yet it failed to do so.

**TENTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY**

**15 U.S.C. § 2310(d)**

**AGAINST DEFENDANT MANUFACTURER/DISTRIBUTOR AND DOES 1 THROUGH 50**

66. Plaintiff incorporates by reference all of the allegations above.

67. Defendant and Does 1-50 are each a "merchant" under Commercial Code section 2104(1) with respect to goods such as the Vehicle.

68. Defendant and Does 1-50 are each a "supplier" under 15 U.S.C. § 2301(4).

69. Defendant and Does 1-50 are each a "warrantor" under 15 U.S.C. § 2301(5)

70. Plaintiff is a "consumer" under 15 U.S.C. § 2301(3).

71. The Vehicle is "goods" under Commercial Code section 2105(1).

72. The Vehicle is a "consumer product" under 15 U.S.C. § 2301(1).

73. Pursuant to 15 U.S.C. § 2301 (which defines the implied warranty by borrowing the provisions of Civil Code Section 1791.1), and pursuant to Civil Code Section 1791.1 the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Manufacturer.

74. The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

75. During the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

76. Defendant is a manufacturer, distributor, and/or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on its skill or judgment to select or furnish suitable goods.

77. Pursuant to Civil Code § 1792.1, the sale of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

78. During the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle is not fit for Plaintiff's particular purpose.

79. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

80. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d).

81. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## ELEVENTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

## MAGNUSON-MOSS WARRANTY ACT & U.C.C.

## AGAINST DEFENDANT MANUFACTURER/DISTRIBUTOR AND DOES 1 THROUGH 50

82. Plaintiff incorporates by reference all of the allegations above.

83. The retail seller of the vehicle is a "Supplier" and "Warrantor" as defined by the MMWA at 15 U.S.C. §2301(4), (5).

84. The Vehicle was manufactured, sold and purchased /leased after July 4, 1975.

85. The express warranty(s) given by Manufacturer pertaining to the vehicle is/are a "Written Warranty[s]" as defined in the MMWA at 15 U.S.C. §2301(6).

86. The above-described actions (failure to repair and/or properly repair the above-mentioned defects and nonconformities to warranty, etc.) including failure to honor the written

warranty(s), constitute a breach of the written warranty by Manufacturer and retail seller actionable under the MMWA, as set forth at 15 *U.S.C.* §2310(d)(1), (2).

87. As a direct result of Manufacturer and/or the retail seller's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff is entitled to a judgment and the following relief against all defendants: (1) a declaration that acceptance has been properly revoked by Plaintiff and for damages incurred in needing to revoke acceptance; (2) a refund of the purchase price paid by Plaintiff for the vehicle; (3) cancellation of Plaintiff's purchase /lease agreement and payment in full of the balance owing on same; (4) consequential, incidental and actual damages to be proved at trial; (5) costs and expenses including actual attorneys' fees reasonably incurred; (6) prejudgment interest at the legal rate; and (7) such other relief as the Court deems appropriate.

88. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**TWELFTH CAUSE OF ACTION**

**NEGLIGENCE**

**AGAINST DEFENDANT DOES 41 THROUGH 50**

89. Plaintiff incorporates by reference all of the allegations above.

90. Defendants DOES 41-50 (hereafter "Defendant Dealer") are engaged in the business of providing service or repair to new or used consumer goods.

91. In undertaking to perform those services, Defendant Dealer had a duty to perform those services in a good and workmanlike manner.

92. On a date within two years before this pleading was filed with the Court, Plaintiff sought repairs from Defendant Dealer. However, Defendant Dealer breached its duty to Plaintiff to perform those repairs in a good and workmanlike manner.

93. As a direct and proximate result of Defendant Dealer's breach, Plaintiff has been damaged in an amount to be proven at trial.

///

///

**THIRTEENTH CAUSE OF ACTION**

**VIOLATION OF CIVIL CODE § 1796.5**

**AGAINST DEFENDANT DOES 41 THROUGH 50**

94. Plaintiff incorporates by reference all of the allegations above.

95. Defendants DOES 41-50 (hereafter "Defendant Dealer") are individuals, partnerships, corporations, associations, or some other kind of legal relationship which engage in the business of providing service or repair to new or used consumer goods.

96. Pursuant to Civil Code section 1796.5, Defendant Dealer had a duty to the purchaser to perform those services in a good and workmanlike manner.

97. On a date within two years before this pleading was filed with the Court, Plaintiff sought repairs from Defendant Dealer. However, Defendant Dealer breached their duty to Plaintiff to perform those services in a good and workmanlike manner.

98. As a direct and proximate result of Defendant Dealer's breach, Plaintiff has been damaged in an amount to be proven at trial.

**PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

A. For Plaintiff's damages in an amount to be proven at trial.

B. For an order enjoining Defendants from engaging in any act or practice constituting a violation of Business & Professions Code section 17531.

C. For Civil Penalties, if and as permitted by law.

D. For Punitive Damages, if and as permitted by law.

E. For any consequential and incidental damages.

F. For costs of the suit and Plaintiff's reasonable attorneys' fees.

G. For prejudgment interest at the legal rate.

H. For restitution as permitted by law, under theories <u>other</u> than those described in C.C.P. § 871.20.

I. For replacement as permitted by law, under theories <u>other</u> than those described in C.C.P. § 871.20.

J. For a civil penalty as permitted by law, under theories other than those described in C.C.P. § 871.20.

K. And for such other relief as the Court may deem proper.

**DEMAND FOR ELECTRONIC SERVICE**

Plaintiff requests electronic service. Plaintiff's counsel's electronic service address is "firm@goldsmithwest.com". Pursuant to subdivision (e)(2) of Code of Civil Procedure section 1010.6, any party who is represented by counsel is required to electronically serve Plaintiff's counsel with any notice or document that is permitted to be served by mail, express mail, overnight delivery, or facsimile transmission.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Date: March 10, 2026

GOLDSMITH WEST
A Professional Law Corporation

By: ______________________
David A. Goldsmith
Attorney for Plaintiff

**INVITATION TO REPURCHASE OR INSPECT VEHICLE**

Plaintiff plans to dispose of the vehicle within the next 30 days. If Defendant(s) would like to repurchase or inspect it before then, they are advised to take steps to do so immediately. *Niedermeier v. FCA US LLC* (2024) 15 C5th 792 (no deduction from Song-Beverly Act remedy for trade-in credit or sales proceeds and no requirement to return vehicle.)

Date: March 10, 2026

GOLDSMITH WEST
A Professional Law Corporation

By: ______________________
David A. Goldsmith
Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER: 232457<br>NAME: David A. Goldsmith<br>FIRM NAME: GOLDSMITH WEST, A Professional Law Corporation<br>STREET ADDRESS: 609 Deep Valley Drive, Suite 200<br>CITY: Rolling Hills Estates STATE: CA ZIP CODE: 90274<br>TELEPHONE NO.: 310-620-8560 FAX NO.: 310-861-5527<br>EMAIL ADDRESS: firm@goldsmithwest.com<br>ATTORNEY FOR *(name)*: Plaintiff Jacob Halem | **Electronically FILED by Superior Court of California, County of Los Angeles 3/10/2026 4:04 PM David W. Slayton, Executive Officer/Clerk of Court, By Y. Ayala, Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Stanley Mosk Courthouse | |
| CASE NAME:<br>Jacob Halem v. Mercedes-Benz USA, LLC | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 26STCV07719 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)<br>[ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

   a. ☒ monetary
   b. ☒ nonmonetary; declaratory or injunctive relief
   c. ☒ punitive

4. Number of causes of action *(specify):* 13

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 10, 2026

David A. Goldsmith
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE Jacob Halem v. Mercedes-Benz USA, LLC | CASE NUMBER 26STCV07719 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| **Applicable Reasons for Choosing Courthouse Location (Column C)** | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE Jacob Halem v. Mercedes-Benz USA, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☒ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, ~~2~~, ~~5~~ |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE Jacob Halem v. Mercedes-Benz USA, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE Jacob Halem v. Mercedes-Benz USA, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE Jacob Halem v. Mercedes-Benz USA, LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☒ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: 400 N. Foothill Rd. |
|---|---|---|---|
| CITY: Beverly Hills | STATE: CA | ZIP CODE: 90210 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: March 10, 2026

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

**Electronically FILED by Superior Court of California, County of Los Angeles 3/10/2026 4:04 PM David W. Slayton, Executive Officer/Clerk of Court, By Y. Ayala, Deputy Clerk**

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Mercedes-Benz USA, LLC;
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Jacob Halem

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California, County of Los Angeles
111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
26STCV07719

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David A. Goldsmith; Goldsmith West, A Professional Law Corporation 609 Deep Valley Dr., Ste. 200, Rolling Hills Estates, CA 90274 310-620-8560

DATE: *(Fecha)* 03/10/2026 Clerk, by *(Secretario)* David W. Slayton, Executive Officer/Clerk of Court Y. Ayala, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: MERCEDES-BENZ USA, LLC
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☑ other *(specify)*: Corp. Code 17701.16, LLC
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
03/10/2026
David W. Slayton, Executive Officer / Clerk of Court
By: Y. Ayala Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

# NOTICE OF CASE ASSIGNMENT
# UNLIMITED CIVIL CASE

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER: 26STCV07719

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Robert B. Broadbelt | 53 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 03/11/2026 (Date)

David W. Slayton, Executive Officer / Clerk of Court

By Y. Ayala, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

*Superior Court of California, County of Los Angeles*

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

## TYPES OF ADR

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.
- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.
- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.
- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

## ADVANTAGES OF ADR

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

## DISADVANTAGES OF ADR

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

## WEBSITE RESOURCES FOR ADR

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
| --- | --- |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>03/11/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: C. Vaughn Deputy |
| PLAINTIFF:<br>Jacob Halem | |
| DEFENDANT:<br>Mercedes-Benz USA, LLC | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>26STCV07719 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 07/28/2026 Time: 8:30 AM Dept.: 53

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 03/11/2026

**Robert B. Broadbelt**
Judicial Officer

**CERTIFICATE OF SERVICE** Robert B. Broadbelt / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

David W. Slayton, Executive Officer / Clerk of Court

Dated: 03/11/2026

By C. Vaughn
Deputy Clerk

<table>
<tr><td>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES</td><td rowspan="4">Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>03/11/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: C. Vaughn Deputy</td></tr>
<tr><td>COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012</td></tr>
<tr><td>PLAINTIFF/PETITIONER:<br>Jacob Halem</td></tr>
<tr><td>DEFENDANT/RESPONDENT:<br>Mercedes-Benz USA, LLC</td></tr>
<tr><td>CERTIFICATE OF MAILING</td><td>CASE NUMBER:<br>26STCV07719</td></tr>
</table>

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Notice of Case Management Conference** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Los Angeles**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

David W. Slayton, Executive Officer / Clerk of Court

Dated: 03/11/2026

By: C. Vaughn
Deputy Clerk